Marshall A. Lerner (State Bar No. 55224)
mlerner@kleinberglerner.com
Bradford E. Mattes (State Bar No. 159004)
bemattes@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Telephone: (310) 557-1511
Facsimile: (310) 557-1540

Attorney for Plaintiffs Skechers U.S.A., Inc.
and Skechers U.S.A., Inc. II

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC, II, | Case No.: **'24 CV0483 RBM MSB** |
| Plaintiffs, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| ED SANCHEZ; ED SANCHEZ dba golfgrade.com, GOLF PULP MEDIA, and Does 1-10 inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively "Skechers") bring this action against defendants Ed Sanchez ("Sanchez"), Ed Sanchez doing business as golfgrade.com, and Golf Pulp Media ("GPM")(collectively "defendants") to address defendants' willful infringement of certain Skechers patents, and allege as follows:

## NATURE OF THE ACTION

1.     Since it began as a start-up shoe company with a single line of footwear in 1992, Skechers has worked tirelessly to now be the third largest footwear company in the world.  That explosive growth is based on the quality, comfort, and visual appeal of its shoes.  As a lifestyle and performance footwear company, Skechers is continuously developing new shoe designs and advancing the state of the art so that the visual appearance of its shoes has the broadest consumer appeal.  To protect these designs, Skechers has sought and been awarded hundreds of patents from the United States Patent and Trademark Office.  These patents, along with Skechers' trademarks, are the legal lifeblood of the company.  Over decades, Skechers has invested and spent hundreds of millions of dollars researching, creating, and promoting its new shoe designs.  Skechers has now designed more than 3,000 shoe styles and sells its shoes in more than 170 countries and in its more than 5000 retail stores and on its website and numerous third-party websites.

2.     Skechers' footwear styles are, and have been, promoted by celebrities including Martha Stewart, Snoop Dogg, Doja Cat, Willie Nelson, Sugar Ray Leonard, Ringo Starr, Britney Spears, Carrie Underwood, Meghan Trainor, Tony Romo, Brooke Burke, Kim Kardashian, Howie Long, and Robert Downey Jr.  Between the quality and visual appeal of its shoes and these celebrity endorsements, numerous Skechers shoe styles have become wildly successful, popular, and highly acclaimed.

3.     Skechers' shoe styles that embody its patented designs that are the subject of this complaint (a.k.a. "hands free") have sold millions of pairs.  These designs all highlight the portion of the shoe that wraps around the wearer's heel.  These designs are

unique and eye-catching because they visually separate the heel area from the rest of the shoe by giving it a distinctive visual appearance that is highly appealing.

4.     Based on these novel and unique designs and the proven popularity of the shoes that embody these designs, defendants began making and selling a shoe that has the same heel design as the patented Skechers heel design.  Only after Skechers incurred the substantial risk and monumental expense of developing and promoting its shoes with this heel design, and established that it had broad appeal, did defendants enter the market with their infringing shoe.

A sample image from each of the five patents that defendants are infringing is shown below.



Patent No. US D986,576          Patent No. US D990,858

Patent No. US D992,888          Patent No. US D994,312

COMPLAINT FOR PATENT INFRINGEMENT



FIG. 1

Patent No. US D998,951

Images of defendants' infringing "Exquisite" shoe are shown below in side-by-side comparison with a Skechers shoe that embodies the above identified patents.

| Infringing Exquisite Shoe | Skechers Shoe |
|---|---|
| | |
| | |

COMPLAINT FOR PATENT INFRINGEMENT

 

As can be seen in the above images, defendants' shoe embodies each one of the five Skechers patented designs. This degree of detailed copying confirms that defendants intentionally and willfully copied each one of Skechers' patented designs shown above. This intentional copying is further shown when the defendants' shoe is compared to an actual Skechers hands free shoe, an example of which is shown in the three comparison images above.

5.     By this action, Skechers seeks to stop defendants' patent infringement and obtain compensation for that infringement.

## PARTIES

6.     Plaintiff Skechers U.S.A., Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.

7.     Plaintiff Skechers U.S.A., Inc. II is a corporation duly organized and existing under the laws of the State of Virginia with its principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266. Skechers U.S.A., Inc. II is a wholly-owned subsidiary of Skechers U.S.A., Inc.

8.     On information and belief, defendant Sanchez is an individual residing at 27477 Sage Brush Trail, Valley Center, CA 92082.

9.     On information and belief, golfgrade.com is a website operated by defendant Sanchez with its principal place of business located at 27477 Sage Brush Trail, Valley Center, CA 92082.

COMPLAINT FOR PATENT INFRINGEMENT

10.     On information and belief, defendant Golf Pulp Media is a digital marketing agency with its principal place of business located at 1948 Kellogg Ave, Carlsbad, CA 92008.

11.     Does 1 – 10 are unknown to Skechers and sued herein under fictitious names.  They consist of those who have imported, advertised, offered for sale, sold, distributed or otherwise commercially used the accused products described below. When their true names and capacities are ascertained, Skechers will amend this second amended complaint by inserting their true names and capacities.

## JURISDICTION AND VENUE

12.     Jurisdiction in this Court arises under the provisions of 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks), and 35 U.S.C. §§ 271 and 289.

13.     This Court has personal jurisdiction over defendants Sanchez, Ed Sanchez dba golfgrade.com, and GPM because Sanchez, Ed Sanchez dba golfgrade.com, and GPM have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271 and place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. These acts by Sanchez, Ed Sanchez dba golfgrade.com, and GPM cause injury to Skechers within this District.  Upon information and belief, Sanchez, Ed Sanchez dba golfgrade.com, and GPM derive revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, and derive revenue from interstate and international commerce.

14.     Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Sanchez, Ed Sanchez dba golfgrade.com, and GPM transact business within this District and offer for sale in this District products that infringe the Skechers patents and Sanchez, Ed Sanchez dba golfgrade.com, and GPM are residents of California which is a multiple district state.

## SKECHERS' PATENT RIGHTS

15.     Skechers dedicated teams of people to develop and design its hands free shoes.  The patented design had broad appeal and was instantly successful.

16.     Skechers owns all rights, title, and interest in and to each of those design patents.  Those design patents are identified below and attached as Exhibits 1-5.

| Ex. No. | Patent Number | Title |
|---------|---------------|-------|
| 1 | D986.576 (the " '576 Patent") | Shoe Upper |
| 2 | D990,858 (the " '858 Patent") | Shoe Upper |
| 3 | D992,888 (the " '888 Patent") | Shoe Upper Component |
| 4 | D994,312 (the " '312 Patent") | Shoe Upper Component |
| 5 | D998,951 (the " '951 Patent") | Shoe Upper Component |

## DEFENDANT'S INFRINGING PRODUCTS

17.     Rather than innovate and develop its own designs and a unique style for its footwear products, defendants chose to copy Skechers' innovative design elements.

18.     Defendants had many options in developing their footwear products. Instead, Defendants chose to infringe Skechers' design patents by copying Skechers' hands free shoe style.

19.     Defendants are infringing Skechers' '576 Patent, '858 Patent, '888 Patent, '312 Patent, and '951 Patent by making and selling shoes such as the Exquisite shoe shown above.

20.     Defendants sell the infringing Exquisite shoe on the Golf Grade website, www.golfgrade.com.  The street address for return of products sold on the Golf Grade website is 27477 Sage Brush Trail, Valley Center, CA  92082.

**FIRST CLAIM FOR RELIEF**

**[Infringement of the '576 Patent]**

21.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

22.     Defendants have infringed and continue to infringe the '576 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the Exquisite shoe.  The Exquisite shoe embodies the design claimed in the '576 Patent.

23.     Skechers is informed and believes, and on that basis alleges, that defendants' infringement of the '576 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

24.     Skechers is informed and believes, and on that basis alleges, that defendants have gained profits by virtue of their infringement of the '576 Patent.

25.     Skechers will suffer and is suffering irreparable harm from defendants' infringement of the '576 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against defendants' continuing infringement of the '576 Patent.  Unless enjoined, defendants will continue their infringing conduct.

**SECOND CLAIM FOR RELIEF**

**[Infringement of the '858 Patent]**

26.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

27.     Defendants have infringed and continue to infringe the '858 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the Exquisite shoe.  The Exquisite shoe embodies the design claimed in the '858 Patent.

28.     Skechers is informed and believes, and on that basis alleges, that defendants' infringement of the '858 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

29.     Skechers is informed and believes, and on that basis alleges, that defendants have gained profits by virtue of their infringement of the '858 Patent.

30.     Skechers will suffer and is suffering irreparable harm from defendants' infringement of the '858 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against defendants' continuing infringement of the '858 Patent.  Unless enjoined, defendants will continue their infringing conduct.

## THIRD CLAIM FOR RELIEF
### [Infringement of the '888 Patent]

31.      Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

32.     Defendants have infringed and continue to infringe the '888 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the Exquisite shoe.  The Exquisite shoe embodies the design claimed in the '888 Patent.

33.     Skechers is informed and believes, and on that basis alleges, that defendants' infringement of the '888 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

34.     Skechers is informed and believes, and on that basis alleges, that defendants have gained profits by virtue of their infringement of the '888 Patent.

35.     Skechers will suffer and is suffering irreparable harm from defendants' infringement of the '888 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against defendants' continuing infringement of the '888 Patent.  Unless enjoined, defendants will continue their infringing conduct.

**FOURTH CLAIM FOR RELIEF**

**[Infringement of the '312 Patent]**

36.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

37.     Defendants have infringed and continue to infringe the '312 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the Exquisite shoe.  The Exquisite shoe embodies the design claimed in the '312 Patent.

38.     Skechers is informed and believes, and on that basis alleges, that defendants' infringement of the '312 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

39.     Skechers is informed and believes, and on that basis alleges, that defendants have gained profits by virtue of their infringement of the '312 Patent.

40.     Skechers will suffer and is suffering irreparable harm from defendants' infringement of the '312 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against defendants' continuing infringement of the '312 Patent.  Unless enjoined, defendants will continue their infringing conduct.

**FIFTH CLAIM FOR RELIEF**

**[Infringement of the '951 Patent]**

41.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, images and figures as though each such paragraph, image, and figure has been fully set forth hereat.

42.     Defendants have infringed and continue to infringe the '951 Patent by making, using, selling, and/or offering for sale in the U.S., and/or importing into the U.S. the Exquisite shoe.  The Exquisite shoe embodies the design claimed in the '951 Patent.

43.     Skechers is informed and believes, and on that basis alleges, that defendants' infringement of the '951 Patent has been and continues to be intentional, willful, and without regard to Skechers' rights.

44.     Skechers is informed and believes, and on that basis alleges, that defendants have gained profits by virtue of their infringement of the '951 Patent.

45.     Skechers will suffer and is suffering irreparable harm from defendants' infringement of the '951 Patent.  Skechers has no adequate remedy at law and is entitled to an injunction against defendants' continuing infringement of the '951 Patent.  Unless enjoined, defendants will continue their infringing conduct.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II respectfully request relief against defendants as follows:

1.     A judgment declaring that defendants have infringed one or more claims of each of Skechers' asserted design patents;

2.     An order and judgment preliminarily and permanently enjoining defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from further acts of infringement of Skechers' asserted design patents;

3.     A judgment awarding Skechers all damages adequate to compensate for defendants' infringement of Skechers' asserted design patents, and in no event less than a reasonable royalty for defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.     A judgment awarding Skechers all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5.     A judgment awarding Skechers all of defendants' profits and all remedies,

pursuant to 35 U.S.C. § 289 together with prejudgment interest;

      6.     Costs of suit and reasonable attorneys' fees; and

      7.     Any other remedy to which Skechers may be entitled, including under any other law that this Court may deem just and proper.

KLEINBERG & LERNER, LLP

March 11, 2024          By:  /s/ Marhsall A. Lerner
                             Marshall A. Lerner
                             Bradford E. Mattes
                             Attorneys for Plaintiffs Skechers U.S.A., Inc.
                             and Skechers U.S.A., Inc. II

-11-

COMPLAINT FOR PATENT INFRINGEMENT

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II demand a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

KLEINBERG & LERNER, LLP

March 11, 2024            By:    /s/ Marshall A. Lerner
                                 Marshall A. Lerner
                                 Bradford E. Mattes
                                 Attorneys for Plaintiffs Skechers U.S.A., Inc.
                                 and Skechers U.S.A., Inc. II

COMPLAINT FOR PATENT INFRINGEMENT